WILLIAM N. HEITMAN, RESPONDENT, v. KALTENBACH & STEPHENS, INCORPORATED, A CORPORATION, APPELLANT.

Submitted July 5, 1920—Decided November 15, 1920.

1. In a suit for damages for the breach of the plaintiff's contract of employment, a letter addressed to the plaintiff and signed by the defendant company's employes was properly admitted in evidence when offered by the plaintiff, it appearing that the letter embodied a proposition fixing the plaintiff's share of a bonus which the defendant had theretofore agreed to allow its employes, and that the evidence tended to show that the defendant assented to such proposition when the letter was presented to it.

2. In a suit to recover for the breach of a salary contract as supplemented by a bonus contract, evidence tendered by the defendant as to the total amount of bonus actually paid to its employes other than the plaintiff, was irrelevant and inadmissible, since such payment admittedly was not in accordance with nor based upon plaintiff's contract, either as claimed by the plaintiff or as claimed by the defendant.

3. When a trial judge calls a jury back for further instruction, the fact that his supplemental charge, considered alone, does not completely state the pertinent legal rule, will not lead to reversal, when considering it in connection with the main charge, and considering the charge as a whole, it appears that the pertinent legal rule was correctly stated that the jury was not misled and that the defendant could not have been prejudiced.

4. A request to charge which ignores and excludes from the consideration of the jury competent and material evidence admitted at the trial should be refused.

On appeal from the Supreme Court.

For the appellant, *Wolber & Gilhooly.*

For the respondent, *Heine, Bostwick & Bradner (Palmer Bradner* and *John W. Bostwick, Jr.,* on the brief).

The opinion of the court was delivered by

TRENCHARD, J.   This is the defendant's appeal from a judgment founded upon the verdict of a jury at the Essex Circuit in favor of the plaintiff in an action to recover damages for an alleged breach of a contract of employment for the year 1918.

We are of the opinion that the appeal is without merit.

A consideration of the grounds of appeal argued renders necessary a statement of the salient facts which the evidence at the trial tended to show. They are as follows: The defendant company is a manufacturer of silk ribbons. The plaintiff had been employed by it for a number of years, and always by the year. He was manager of the merchandise department. A considerable portion of the output was sold by salesmen having designated territories and the plaintiff had charge of all so-called "house accounts," accounts which had not been specifically assigned to some salesman and on which no commissions were paid, and these accounts constituted a very large part of the total sales of the company. In June, 1917, the plaintiff's salary was increased from $2,600 to $3,510 per year, and he was paid bi-weekly. In November, 1917, the officers of the defendant corporation held a meeting at its factory in Newark, which was attended by the officers of the company, the New York salesmen, and the plaintiff. The officers of the company then and there stated that those present would be paid for their services in 1918 on a different basis; that is to say, instead of paying each salesman the commission actually earned upon sales made by him or in his territory, the "house accounts" (*i. e.,*

those sold independently of the salesmen, and over which the plaintiff exercised supervision), would be added to the total amount of sales made by the salesmen in their respective territories and a bonus of two per cent. declared on the total sales so arrived at in excess of $1,500,000, such bonus to be distributed at the end of the year 1918, and as the officers of the company should determine. The plaintiff desired to ascertain what portion of the bonus would be paid to him, and accordingly inquired of the company's officers, who told him that the company would be satisfied to pay him such portion as the New York salesmen might indicate would be satisfactory to them, and that he should see these salesmen. The plaintiff did so, and received a letter from them stating that it was understood that the plaintiff should receive ten per cent. of the bonus. The plaintiff submitted this letter to the officers of the defendant company, all of whom thereupon signified their acquiescence. On October 11th, 1918, the defendant company summarily dismissed the plaintiff from his employment, and this discharge constitutes the breach upon which this suit is based.

The appellant's first contention is that the admission in evidence of the letter signed by the New York salesmen was erroneous. Not so. It is said that those who signed it were not authorized to bind the defendant company. But that is beside the mark. The letter was not offered nor admitted on that theory. It was offered and admitted because it embodied a proposition fixing the plaintiff's share of the bonus, which proposition the evidence tended to show the company assented to, whereby it became bound.

The next contention is that the judge improperly excluded a question put by the defendant to Mr. Otto (an employe of the defendant and a witness at the trial) as to how the bonus actually paid for the year 1918 was figured. We think not. The avowed purpose of the question was to show "the total amount of the bonus actually paid." This was irrelevant. The plaintiff had been discharged before the bonus was figured and paid, and did not participate therein. What was

actually paid was of no moment since it was not in accordance with nor based upon the terms of the plaintiff's contract 'either as claimed by the plaintiff or as claimed by the defendant.

It is next urged that there should be a reversal because of error in the charge of the court. But we think not. The complaint relates to what the judge charged when he called the jury back. This standing alone would be objectionable as not completely stating the pertinent legal rule; but when considered in connection with the original charge, and considering the charge as a whole. it appears that the pertinent legal rule was correctly stated. That it was not misleading and could not have prejudiced the defendant is manifest from the fact that the judge, in his supplemental charge, indicated to the jury that they were to consider what he then said in connection with what he had said in the main charge.

Lastly, we find no error in the refusal to charge the tenth request. The request ignored and excluded from the consideration of the jury competent and material testimony admitted at the trial with respect to what were, as a matter of fact. the terms of the contract. It was, therefore, properly refused.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.